UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ANDRE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-03131-MMM |
| | ) | |
| JOHN DOE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, proceeding pro se, alleges Defendants violated Plaintiff's constitutional rights during Plaintiff's imprisonment at Logan Correctional Center from 2019 to present. The case is now before the Court for a merit review of Plaintiff's Complaint (Doc. 1).

A. <u>Merit Review Order</u>

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names 21 Defendants: John Doe Warden, John Doe II Director, Dr. Melvin Hinton, Correctional Officers John Does 1-6, Wexford Health Sources, Inc., Dr. Puga, Dr. Reister, NP Roseborough, Dr. Richardson, Mental Health Professional Hefferkamp, IDOC Director Latoya Hughes, Chief of Women's Division Melinda Eddy, Dr. Valez, Mental Health Dr. Cabarcas, Mental Health Long, Warden Jean Case, Mental Health Dr. Pfost, and Mental Health Professional Walker.

Plaintiff alleges generally that over the past six years, all Defendants have been on notice of Plaintiff's mental illness and have acted with deliberate indifference thereto, including the risk of self harm. Plaintiff's allegations are entirely conclusory and do not say in any way who is alleged to have done what, and when, with any specificity.

"Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules ... is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2007) (citing *Twombly,* 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Here, the Court finds that Plaintiff's allegations are too vague and devoid of sufficient context and detail to place any Defendant on notice of any specific claim against him or her. Plaintiff's Complaint will be dismissed with leave to amend.

If Plaintiff elects to file an Amended Complaint, Plaintiff must clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Regarding failure to protect from self harm Plaintiff must allege specifics as to how each Defendant knew Plaintiff was at danger from a known specific threat of self-harm.

B. Severance of Claims

"A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences ….'" *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of

transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Finally, even claims that are properly joined may be severed in an exercise of the Court's discretion, where doing so would be in the interests of justice and would promote the efficient and effective resolution of all claims.

Here, the two-year statute of limitations may have run on certain of Plaintiff's claims – indeed it may have run on many of Plaintiff's allegations, which stretch back to 2019. If Plaintiff elects to file an Amended Complaint, and if Plaintiff's Amended Complaint contains unrelated claims based on the legal standards discussed above, the Court will assess if claims should be severed and will provide Plaintiff notice of its intent to sever claims before doing so. If the action is severed into multiple cases Plaintiff will incur a separate filing fee for each such case.

C. <u>Motion to Request Counsel</u>

Plaintiff's Motion to Request Counsel (Doc. 5) is before the Court. Plaintiff writes that Plaintiff contacted the Uptown People's Law Center, the ACLU, and Northwestern. Plaintiff does not say when, how, or any specifics about the requests sent. The Court also notes Plaintiff has filed several other lawsuits in this District recently, so it is not clear what legal issue Plaintiff sought legal help with. This is insufficient to show that Plaintiff made a reasonable attempt to find a lawyer, or was prevented from doing so, before seeking Court assistance. Plaintiff must do so. This is normally accomplished by contacting several civil rights attorneys regarding the specific allegations <u>in this specific case</u> and requesting representation <u>in this lawsuit</u> as to those specific allegations, then providing the Court with copies of such letters sent, as well as any responses received, in support of any future request for Court assistance in finding a volunteer lawyer.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion to Request Counsel [5] is DENIED and Motion for Status [8] is MOOT.**

2. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. Plaintiff's Complaint [1] is DISMISSED without prejudice for failure to state a claim.**

3. **The Court will allow Plaintiff the opportunity to file an Amended Complaint, within 21 days of this Order. Failure to file an Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

Entered this 8th day of October, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
